UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES JOHNSON, | ) | |
| | ) | Case No. 16-7032 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| COMENITY LLC, | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

Now comes the Plaintiff, CHARLES JOHNSON, by and through his attorneys, and for his Complaint against the Defendant, COMENITY LLC, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who was at all relevant times residing in Chicago, Illinois.

5. On information and belief, Defendant is a limited liability company of the State of Delaware, which is not licensed to do business in Illinois, and which has its principal place of business in Columbus, Ohio.

6. Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

7. Defendant is a "person" as defined in 47 U.S.C. § 153(39).

**COUNT I**

8. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 7 above as if reiterated herein.

9. Sometime prior to May 11, 2016, Defendant began placing a high volume of automated telephone calls to Plaintiff's cellular telephone.

10. During or about May of 2016, upon answering one of Defendant's telephone calls, Plaintiff spoke with an employee, agent and/or representative of Defendant and requested of said individual that Defendant stop placing telephone calls to Plaintiff's cellular telephone.

12. Despite Plaintiff's request that Defendant cease placing telephone calls to his cellular telephone, Defendant placed at least 92 telephone calls to Plaintiff's cellular telephone between the dates of May 11, 2016 and July 5, 2016.

13. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

14. On information and belief, Defendant placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

15. On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt.

16. On information and belief, Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of its business.

17. Plaintiff did not give Defendant his express consent, invitation or permission to contact him using an automatic telephone dialing system and/or an artificial and/or prerecorded

voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendant to contact him in this manner was terminated and revoked.

18. Defendant's telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

19. Defendant's telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

20. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

21. As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

    b. Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

    c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

    d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

22. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 7 and 9 through 19 above as if reiterated herein.

23. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

24. As a result of Defendant's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

    b. Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

    c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

    d. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

CHARLES JOHNSON

By: /s/ David B. Levin
Attorney for Plaintiff


David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
One South Dearborn Street, Suite 2100
Chicago, IL 60603
Phone: (312) 212-4355
Fax: (866) 633-0228
dlevin@toddflaw.com